Case number 21-3422, Eastern Missouri, Felicia Stone et al. v. J & M Securities. All right, Mr. Voytas, we'll hear from you first. Judges Wolman, Colleton, and Strauss, thank you for hearing me. My name is Rick The first issue before the Court is whether the District Court properly remanded the Stones case after the Stones Rule 59 motion in the District Court. This happened on January 26, 2022, shortly after the District Court reviewed the appellate brief on the issue of whether the District Court had to remand the case. The District Court did have jurisdiction to remand, and its decision to remand cannot be challenged by J & M on appeal or in the District Court itself. The case should proceed in the Circuit Court for the City of St. Louis. This is pursuant to the Eighth Circuit ruling in MIF Realty v. Rochester and a party's notice of appeal does not divest the trial court of jurisdiction on a Rule 59 e-motion. That's exactly what happened here. The Stones filed their Rule 59 e-motion. The court was silent, the District Court was silent on that, unfortunately, for a while. Out of an abundance of caution, the Stones filed the notice of appeal in this court and started briefing. But the Rule 59 e-motion, the District Court always had authority to rule on that and remand the case, which it did. So, this court does not have to get to the other issues in the case based on that. A question about the Rule 59 e-motion. My understanding is it wasn't labeled a Rule 59 e-motion. The District Court construed it as such. Do we have to take that construction of the motion and the rule it came under as gospel, or can we review that? And if so, if we do review that, is there some standard of review we would apply? The court does not have to take the District Court's word as gospel. This court's standard of review in this matter is de novo. Just because the nominal title of that motion was not Rule 59 e, it was a motion to amend judgment, specifically to amend the judgment to add that the case must be remanded to the City of St. Louis. On that point, Judge Strauss, I think that the District Court got it correct. I think it was a Rule 59 e-motion. The second issue before the court is related to the first one, another procedural issue, and it's whether the District Court, if its opinion is correct, mistakenly failed to remand the Stones case to the Circuit Court for the City of St. Louis. That's tied up with the first issue. The District Court clearly ruled that the Stones lacked Article 3 standing. The District Court simply missed the fact that this case originated in the City of St. Louis and was removed to federal court shortly thereafter. The authority that we've cited in our papers is that if the court wants to reach this conclusion, the case has to be remanded again back to the City of St. Louis. Getting to the merits of the appeal is whether J&M can collect from the Stones in state court so-called prejudgment court costs for which J&M never filed a bill of cost and where the Circuit Clerk never approved such cost. The inclusion of these court costs and various garnishment forms resulted in numerous misstatements of the debt. These court costs were actually garnished from the We rely on the Riggs and Montoya cases that we've cited in our paper. Montoya is especially instructive and Riggs relies on Montoya. That case, there was an appeal of an order denying a motion to strike a bill of costs and because the Circuit Clerk never taxed the cost, there was nothing for the court to review. Here we have J&M never filing a bill of costs, the Circuit Clerk never taxing a bill of costs, but later on during the collection process, J&M took some amounts that represents our prejudgment costs and added those on to the garnishment. Whether those costs are right or wrong or owed or not is clearly not right because they never submitted a bill of costs. Without following the proper procedure and submitting the bill of costs, it's irrelevant that the Circuit Court invited them to do so. Of course the Circuit Court awarded costs to the victor, in this case J&M. That invites J&M to file its bill of costs and the Circuit Clerk has the statutory authority to review the bill of costs and approve those costs that can be approved. That never happened. We have J&M acting as its own Circuit Clerk saying trust us, we get these costs and then taking that money from the Stones. This deprived the Stones of their right under Missouri Supreme Court Rule 7705 to challenge any of those costs and in any event the procedure, the impropriety of the procedure is such that it leads to the FDCPA violations, at least some of them in this case. The next issue before the the amount of the debt on multiple occasions and even if J&M could tax and collect the court costs all by itself without filing a bill of costs, J&M botched the amount of the debt numerous times by inflating the interest and principal amounts on numerous on numerous garnishment forms served on the Stones in addition to a statement of judgment balance due dated May 25, 2019. The errors on that statement of judgment balance and the errors on the garnishment forms are briefed extensively in our papers. The next issue on appeal is whether J&M violated the FDCPA by hanging up on Felicia Stone. Felicia Stone received, her testimony was received, these garnishment forms and the statement of judgment balance and the judgment balance ping-ponging around she could not make sense of it. She just wanted to pay the amount that was owed and stop the garnishment and so she called J&M and said just tell me how much I owe and they hung up on her. The owner of J&M testified that he thought Felicia Stone might really be a consumer lawyer, maybe even me, he testified calling to trick him so he wouldn't give her her balance and he hung up. In light of the failure of J&M to adequately and properly state the balance due on any of the garnishment forms, the statement of judgment balance, we believe it was an FDCPA violation, an unfair collection practice to refuse to divulge the balance to Ms. Stone when she actually asked over the phone. The remaining issues on appeal have to do with the state law claims. The state law claims are derivative of our federal claims, of our FDCPA claims and for the reasons that I've articulated, our state law claims should proceed. More was collected from the Stones than was owed under the judgment. If the panel has any questions, I'm happy to answer them. Very well, thank you for your argument. I'll Alright, Mr. Klein, we'll hear from you. I should give Mr. Wells just a minute there. May it please the court. Summary judgment was properly entered by the District Court in September 21 and the key point, your honors, is that this merits determination. The court reached the merits of the case. The court determined that on the four claims that were raised, the merits were determined to be in favor of J&M. When you have a merits determination, there cannot be a remand. 1447C speaks about a remand prior to final judgment. A summary judgment is a final judgment. A summary judgment in this case, and I think in almost every case, but at least the ones we're dealing with right now, is a determination on the merits. When you have a merits determination, you can't have a remand. I just want to say that almost by definition, your honors, if you had a remand where there was a summary judgment resolving the merits, on all these removal cases, you would have a remand. Because after the court determined there's no claim, well then there's no concrete injury, and then you would remand the case. It doesn't make any sense. Well, concrete injury, though, is part of a jurisdictional analysis, right? It's standing, and so isn't, by definition, a standing analysis means the court doesn't have subject matter jurisdiction over that particular claim because there's no injury? That's not a merits determination, is it? Not if it was reached prior to the merits determination. So when you say merits determination, are you talking about the state law claims, or are you talking about the Federal Debt Collection Practices Act claims? All. All of them. The court decided there was no FDCPA violation. The court decided there was no MMPA, there was no wrongful garnishment, there was no abuse of process. The issue as to the concrete injury, you look at what was pled at the time of removal. Sorry, and you see, in that removal, does it state an injury at that point in time? Or like when you talk about a $75,000 amount for diversity? You want to look at what is being pled at that time. Once you dispose of the claims, once you reach a determination that the merits of FDCPA don't give rise to a claim, well, you're not going to have any damages, obviously. You're not going to have any, by definition, Judge Strauss, you would not have any money left in the claim because there is no claim. Isn't the idea, though, I'm going to ask this a different way, isn't the idea that when you basically put in a claim over which there's, in the removal statute, over which there's no jurisdiction because they're lax standing, the claim isn't ripe, you know, there's no statutory cause of act, whatever, and actually that might not even suffice, the last one. But isn't the point, then, that you should return the case to state court once you determine that you don't have jurisdiction over that claim? Or am I missing something? Well, you'd have to do that if that determination was reached prior to the merits determination. So, for example, I was looking, like, there was a case that was tried and appealed here, Stanley versus Cottrell, it's an A circuit case, 784F3454. Now, if this was true to its logical extreme, you could have a trial. And at the trial, you would determine, the court found that there's no damages, there's no claim. Should that also be remanded? You have to reach a point in time when you reach the merits of the case, there's no more remand. Because otherwise, every time you have a trial, you would have a remand. If there would be a trial, and the case would be removed, and then you'd say, okay, was there $75,000? Well, it was pled, but there was a finding that it was $0 of damage. Do you remand that case? Of course you don't remand the case. There's a final judgment, there's an adjudication on the merits. What do we do with MIF royalty and the Rule 59E? Rule 59E says even if there is a final judgment, I think, you can go in and you can amend the judgment. That's the point of Rule 59E. So what do we do with the fact that MIF royalty says you can do that even after a notice of appeal is filed? And here the district court went back and said, oops, I really, really shouldn't have dismissed the state law claims. I'm going to redo that and send them back down the way I should have. Right. So my first point, sorry about the, I need a little water. But anyway, my first point was, I think this is positive of the court's question, but I'm going to come back to it in just a minute and answer your question directly. 59E is what the trial court, the district court, relied upon in saying that she made a mistake and sending it back down to the state court. I think the court was of the belief that since the exact issue was being pursued by appellants, the issue as to should the matter be remanded, you can't pursue the same case in the appellant court. The same argument briefed the issue as you're pursuing in the district court. That's why the district court reached that ruling, to avoid inconsistency, and that's why she determined that 59E was applicable at that time to amend the judgment. What do I think about that? It's a closer call for me, to be honest with you. I think that the issue of should you file a motion to stay the appeal, because the district court is still looking at it or dealing with it, I know the rules provide for that. I think that's a fair comment that can be considered by your honors as to why 59E can be used by the district court, because that motion was not filed in this case to stay it. But regardless of 59E, you still get back to the same conclusion, which is a remanded case, a case cannot be remanded after final judgment. And even 1447D, that doesn't want to allow for challenges of remand, that's only if you follow the rules of 1447C. If you're within the purview, we cite a case in our brief, if you're within the purview of 1447C and the court makes a determination, then you shouldn't appeal. You shouldn't appeal that determination of a remand. But if you had a case, as I mentioned before, suppose after a judgment on the trial of a case, the district court, for whatever reason, remands the case back to the state court. At some point in time, there has to be an understanding that such a decision, we cite a Supreme Court decision, Thurmstrand prods against Hermann Storfford. We cite that. Where the 1447C order is beyond, we're not talking about something stated in the statute. If you follow 1447C, then you don't have an appeal. But if you don't follow 1447- What do you mean by follow? I mean, even an erroneous remand order is not appealable. Well, as long as, your honor, that would be as long as, that's what I think the Supreme Court is saying in Thurmstrand. As long- Thurmstrand. Thurmstrand. Okay, sorry. As long as you follow the basic rules of 1447C which says, you remand before final judgment. You can't remand after final judgment. You just can't make up a remand order like I gave you. Judge, if you had a remand after the trial, would you say, well, sorry, we can't look at that on appeal because you can't challenge a remand. At some point in time, where the trial court does not follow the rules, not just a discretionary question, not just a question, there's a- You're saying it would have been different if the judge had entered this remand order in her initial summary judgment order? Then it would not be appealable? No, not in this case, your honor. But because she did it on 59E, then it's appealable? I'm not saying that. Okay. Then you, I'm still not tracking then. What's the- I'll try it a different way. You can only remand if you follow the rules of 1447C. If you make up your own rules, you can't remand. If you remand the case after trial, you can't be, you can't say, well, a party can't go to a court of appeals and challenge that. There is a point in time where the removal, the issue, I think this is what the Supreme Court says, when the removal was imprudent and without jurisdiction, then you don't have a removal, a challenge on appeal on 1447D. But that's not what happened here. The removal was fine. There was no issue with that. The only issue comes if you make a determination, you say, after there's a final judgment on the merits, the matter should be remanded. In that case, there has to be a remedy where you go to the court of appeals and say the trial court, the district court, is exceeding what it is allowed to do under 1447C. That's what I believe the Supreme Court is stating in that case. There has to be room after a final judgment. Otherwise, I think we would have this issue if you had a trial and the district court remanded the case where they find that there's no injury. In fact, after a four-week trial, you'd say, well, you can't appeal that. Of course you could. Of course you could. Your Honor seems pained by my argument. No, I'm not pained at all. I just feel- What went wrong here? Who brought this problem about? You? What are you referring to, Judge? Why did this happen? I don't know. Well, somebody brought it about. Somebody asked the district court to do something that you now say it shouldn't have done. Appellant asked the district, the court entered summary judgment. The case was closed. Appellant asked in a motion for the matter to be remanded. That's what happened, Your Honor. Then the court did that, and then entered the 15- And you said she didn't have jurisdiction to do what she was wrong. Correct. I said two reasons. One, because it was up on appeal, and two, for the reasons that we've been talking about this morning. And so the narrow issue before us is what? The district court had no authority to do what it did? The narrow issue is, after a summary judgment, where, Your Honor, there is merits determination of the claim, does a district court have a right to remand a case at that point in time when it finds no merit to the claims themselves? But I thought the judge here said, first I said there was no standing, and then I went on and ruled on the merits, and then in her second order, she said it was a mistake to go on to the merits because I had already said there was no standing. So if that's what she said, if she really did say no standing, what's wrong with her remand order? My understanding, Your Honor, as to the decision, was the only reason there is no standing is because there is no claim. And the only reason there is no claim is because the merits have been determined. I see. As I indicated, every merits determination, I won't say every, that's a big word, but most merits determinations would then lead to no standing. And then you'd have every case being remanded. I'm down to just a couple of minutes here, and I, I'm sorry, Judge Wolm, did you want to ask me something? I know I've asked too many. I just want to say about the issue of the cost very briefly. Costs were mentioned in the underlying judgment. The clerk did follow an order on case net where the costs were noted. We talk about this extensively in our brief. The issue is the cost is, and I believe most practicing attorneys understand, bills of cost are filed, and the case is cited by appellant, when you have cost incurred outside the court file. The filing fees, the sheriff's fees, or there are, I've been practicing 40 years, there are hundreds of thousands of cases where the judge says, cost awarded. And the clerk goes ahead and just writes an entry in the case net. And whatever is in the file, the filing fee, the sheriff's fees, no one disagrees with that, if somebody disagreed, they would file something, but it's always in there. The issue in all the cases cited, Montoya, Riggs, these are video deposition costs. These are costs that needed to have identification of the statute. But when you have a clear what's in the court file, that is part of the record, and that was awarded in this case. Once that was awarded, all the garnishment issues, and we talk about all of them in our brief, were there. A couple of things in the remaining few seconds. There was a couple of mistakes mentioned with regard to the garnishment, where there was a line in the middle that was in error, perhaps, but the bottom line was correct. And as we point out, a dollar due is a dollar due, so if there was a miscalculation, but the bottom line of the garnishment was correct, then there's nothing wrong. And lastly, there was an issue about a dollar for that was extra garnished by the employer. The garnishment was of an extra dollar for, and once that was received, we sent it back, and I don't think that creates any violation. Thank you. All right, very well, thank you, Mr. Klein. May it please the court. Do you care to make any rebuttal? Briefly, Your Honor, I may. You may. In response specifically to Judge Wolman's question, I thought it was an interesting question, one I hadn't thought of until he asked it. But as soon as you asked that, Judge Wolman, I thought, well, this is the case of the dog that caught its own tail. Because what happened here in the district court was these folks spent an awful lot of money, thousands of dollars on a CPA expert who argued there can be no foul here because there was no harm. At the end of the day, our garnishment forms were wrong, the statement of judgment balance was wrong, but the stones weren't harmed, is their argument. Because when we do all the numbers and we run all the interest, we find that they really didn't pay anything more than they would have had to under the judgment. Their whole argument in the district court was no harm. They caused the problem because they removed the case under federal question jurisdiction and then spent many months trying to convince that district court that there was no Article III standing. Their briefs in the lower court explicitly invoked the lack of Article III standing of the stones. And by golly, that dog caught its tail. Maybe they were surprised when the judge actually granted that motion for summary judgment. But they had done too good of a job because the case did not originate in federal court, but it was removed there. And as far as the timing requirement that they want to impose on 1447C, 1447C has a timing requirement built into it that they've totally ignored. And it is, and I quote, at any time before final judgment. At any time before final judgment. If the district court finds that it lacked jurisdiction, it must, not may, but must remand the case. In this case, that Rule 59E motion to reconsider, the court got that. And she wrote, as such, this is her order on page five. We've set this in our papers. As such, the statute and case law are clear that in removed cases lacking subject matter jurisdiction, the court must remand the case. She continues, because the court found that plaintiffs lacked standing to bring their FDCPA claims, the court never had jurisdiction over plaintiffs' claims. And it was manifest error to rule on the merits of those claims. The court had the authority under Rule 59 and under Section 1447 to amend her final judgment. To amend it and to correct her mistake. Because she genuinely found that there was no standing, she followed 1447C. If this case is about following 1447C, the district court eventually got it right. But this case is odd in one respect. So if you didn't have the MIF realty, MIF realty, whatever it is, it'd be a little bit harder for you. Because there's at least an argument that even if the district court makes a mistake, maybe there needs to be some element of finality here. And maybe 1447C when it talks about the final, and D when they talk about the final C, final judgment. It's trying to put some element of finality. So the district court doesn't come back five years later and say, oops, I really should have remanded this back to state court. Do you agree with that? Well, I agree with your basic premise. I mean, what you say makes sense. But you know, there's a time requirement for filing that Rule 59E. So this can't really continue ad infinitum. And in this case, the Stone's 59E motion was filed I believe four days after that summary judgment order came down. So there's no dispute that it's timely in this case. And Judge Strauss, this is not a case where we have a full jury trial and later on, years down the road, the court says, oh my goodness, there's no Article III standing and it goes back. So those facts simply aren't before the court. Your premise generally, I see where you're going. But you know, that's I think one of the reasons, you know, why, you know, we cited the MIF Realty case because it does provide some clarity on this. And you know, the Eighth Circuit has ruled on this issue, has encountered these facts and has ruled. And I think that you can snap that framework, you know, over this case. And on the merits of the cost issue, there was one issue I'd like to rebut. My opponent made a statement that the circuit clerk entered an entry on case net taxing the costs. It's impossible and it couldn't have happened because they never filed a bill of costs. He's been practicing for 40 years. I've been practicing for 20 and I've never known an attorney so negligent that after a win, he fails to take five minutes and file a bill of costs. Happens in every case. Now in this case, J&M's owner was his own lawyer on these garnishments. And he's the one, he's a non-lawyer, but he's the one that filled out these garnishment forms. And he's the non-lawyer who made the decision to throw in, as we briefed, throw in these prejudgment costs. And to say that it's standard practice for a Missouri lawyer to not file a bill of cost, that belies the rule. Without a bill of costs filed, Missouri Supreme Court Rule 7705 could never be implicated. So the judge has to award the cost to the prevailing party. The circuit clerk has to tax them before the winner can collect them. And then 7705 provides a means by which an aggrieved party, such as the Stones, can come in and challenge those costs. So I don't think it's accurate that the circuit clerk filed a bill of cost on case net. I think there's a case net entry that copies the language. Some clerk somewhere typed down the language in the judgment, and the judgment says costs awarded to plaintiff. But that's not the circuit clerk taxing cost. It couldn't have happened because there's no bill of cost filed. So if we get to the merits of this thing, which I don't think we do, because I think it slots back down to the circuit court for the city of St. Louis. If we get to the merits of the thing, I think that respectfully they're wrong on the issue of cost. Panel has any more questions? I've got about 40 seconds. All right, thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision.